**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jorge Abel GARCIA, Defendant–**
**Appellant.**

No. 05–50199.
D.C. No. CR–04–01716–MLH.

United States Court of Appeals,
Ninth Circuit.

Submitted March 9, 2006.*

Decided March 14, 2006.

Alessandra P. Serano, AUSA, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff-Appellee.

Chase Scolnick, Zandra L. Lopez, FDSD—Federal Defenders of San Diego,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Inc., San Diego, CA, for Defendant–Appellant.

Before D.W. NELSON, THOMAS, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Jorge Abel Garcia appeals his jury conviction of bringing an illegal alien into the United States for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), arguing that (1) the indictment could not support an aiding and abetting conviction because it did not allege specific intent; (2) the district court's jury instructions relieved the government of its burden to prove Garcia committed the offense for financial gain; and (3) the evidence was insufficient to prove that Garcia acted for financial gain. We have jurisdiction pursuant to 42 U.S.C. § 1291, and we affirm.

█ First, the district court did not err in allowing the government to proceed under an aiding and abetting theory of liability. In *United States v. Gaskins*, we held that "all indictments for substantive offenses must be read as if the alternative provided by 18 U.S.C. § 2 were embodied in the indictment." 849 F.2d 454, 459 (9th Cir.1988) (internal quotation omitted). Thus, the indictment was not required to allege that Garcia specifically intended to facilitate the commission of the substantive offense.

Second, Garcia was charged and prosecuted both as a principal and as an aider and abettor, so the district court instructed the jury as to each theory of liability. The

instructions comported with both *United States v. Munoz*, 412 F.3d 1043, 1046–47 (9th Cir.2005), and *United States v. Tsai*, 282 F.3d 690, 697 (9th Cir.2002). Therefore, they were not "misleading or inadequate to guide the jury's deliberation." *United States v. Dixon*, 201 F.3d 1223, 1230 (9th Cir.2000).

█ Finally, the government's pecuniary gain evidence was sufficient to sustain Garcia's conviction as an aider and abettor under 18 U.S.C. § 2. From Guadalupe Alvarado's testimony, a reasonable trier of fact could infer that Jesse was running an alien smuggling business using paid operatives to transport his clients. The evidence of substantial modifications to the vehicle could give rise to the inference that the car was to be used repeatedly, which in turn could allow a rational jury to infer that the modification was financially motivated. Garcia's testimony that Jesse had tricked him into smuggling another alien could give rise to the inference that Garcia knew that Jesse might be smuggling aliens for financial reasons.

Viewing the evidence in the light most favorable to the government, it is not "quite clear that *no* reasonable juror could have found the elements of each charge beyond a reasonable doubt." *United States v. Schemenauer*, 394 F.3d 746, 751 (9th Cir.2005); *see also Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We must, therefore, conclude that the evidence is sufficient to support Garcia's conviction.

Accordingly, the conviction is AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.